In re

JOHN OWENS and                                                    Case No. 09-13260-MAM

KATHLEEN OWENS,


*Debtors*.


## ORDER OVERRULING THE TRUSTEE'S OBJECTION TO EXEMPTION


Jeffery J. Hartley, Attorney for the Chapter 13 Trustee

Stephen L. Klimjack, Attorney for Debtors


This matter is before the Court on the Trustee's objection to the Debtor's exemptions. This Court has jurisdiction to hear this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Order of Reference of the District Court. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and the Court has authority to enter a final order. For the reasons indicated below, the Trustee's objection is due to be OVERRULED.


## FACTS


Debtors filed their Chapter 13 case on July 18, 2009. The Owens claimed a homestead exemption in 2 adjoining lots – Lots 11 and 12, Block F, Greenview Heights – in Mobile County, Alabama. The Trustee objected to the claimed homestead exemption on August 21,

2009. This Court heard the Trustee's objection on November 18, 2009, and entered an Order Requiring Further Evidence on the Trustee's Objection to Exemption on December 17, 2009. The Court held a hearing and took further testimony from Debtor on February 10, 2010.

At the February hearing, Mrs. Owens testified that she and her husband use the lot adjoining their residence to park their vehicle, store a boat, and store a neighbor's small utility trailer. She testified that she and her husband mow the adjoining lot and maintain its shrubbery. Debtor also testified that she plays with her grandchild on the lot. The Owens do not have a homestead exemption in the adjoining lot for Alabama tax purposes, but Mrs. Owens testified that the Debtors used the adjoining lot in a manner consistent with their use of their homeplace lot.

## LAW

Alabama Code section 6-10-2 governs homestead exemptions. It relevant part it states:

> The homestead of every resident of this state, with the improvements and appurtenances, not exceeding in value $5,000 and in area 160 acres, shall be, to the extent of any interest he or she may have therein, whether a fee or less estate or whether held in common or in severalty, exempt from levy and sale under execution or other process for the collection of debts during his or her life and occupancy. . . When a husband and wife jointly own a homestead each is entitled to claim separately the exemption provided herein, to the same extent and value as an unmarried individual. For purposes of this section . . . a mobile home or similar dwelling if the principal place of residence of the individual claiming the exemption shall be deemed to be a homestead

Exemption laws are to be liberally construed in favor of debtors. *McPherson v. Everett*, 172 So.2d 784 (Ala. 1965); *In re Hughes*, 306 B.R. 683 (Bankr. M.D. Ala. 2004) (citing *First Alabama Bank v. Renfro*, 452 So.2d 464, 468 (Ala. 1984)). The trustee, as the party objecting to the exemption, has the burden of proving by a preponderance of the evidence that both lots do not constitute the homestead of the Debtors. Fed. R. Bankr. P. 4003(c).

2

According to the court in *In re Hughes*, "both ownership and occupancy are prerequisites to the 'rightful claim of a homestead exemption.'" *In re Hughes*, 306 B.R. at 686. The parties agree that the Debtors own both lots, therefore the only issue is whether they occupy the subject lot as a homestead.

Construing the Alabama exemption law liberally, Debtors have provided sufficient evidence to meet the standard for claiming the subject lot as part of their homestead exemption for purposes of their chapter 13 proceedings. Debtors presented evidence that they regularly used the lot as a parking place for their personal vehicle, as a storage place, and playground for grandchildren. Although the Debtors had not homesteaded the adjoining lot at the time of filing (and had not homesteaded as of the February hearing date), Mrs. Owens' testimony did not show the property was being used for any nonhomestead purposes. The Trustee has the burden of proving by a preponderance of the evidence that the property is meant to be something other than part of a homestead. Because Debtor's testimony did not yield such evidence, the Trustee has failed to meet his burden. The Court finds Debtors both own and occupy the lot adjoining their residence, therefore the homestead exemption should be allowed and the Trustee's Objection to Exemption is due to be OVERRULED.

Dated: February 24, 2010

*Margaret A. Mahoney*
MARGARET A. MAHONEY
CHIEF U.S. BANKRUPTCY JUDGE

Case 09-13260   Doc 34   Filed 02/24/10   Entered 02/24/10 14:25:56   Desc Main
Document      Page 3 of 3